**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Crim. No. JKB-26-0118** |
| **SYNERGY MARINE PTE LTD., et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

The Government filed a Motion for Hearing to Evaluate Potential Conflicts of Interest ("Motion for Hearing"). (ECF No. 75.) Pending before the Court are three motions to seal associated with that motion. (ECF Nos. 84, 87, 92.) For the reasons set forth below, the three motions to seal will be denied and additional deadlines relating to unsealing the relevant documents will be set.[1]

## I. BACKGROUND

In this criminal action arising out of the allision of the M/V Dali with the Francis Scott Key Bridge, the Government filed a Motion for Hearing (ECF No. 75) and an accompanying Motion to Seal (ECF No. 76). The Government explained that it was moving to seal "in abundance of caution, as disclosure of the Motion may cause unfair prejudice or create controversy as to non-parties to the litigation." (*Id.*) Defendants Synergy Marine Private Ltd. ("Synergy Marine") and Synergy Maritime Private Ltd. ("Synergy Maritime) (together, the "Synergy Defendants") agreed. (ECF No. 77.) The Court denied the Motion to Seal without prejudice to reconsideration upon the

[1] Given the Court's conclusion that the Motion for Hearing and associated briefing should not be sealed in their entirety, the Court also concludes that this Memorandum and Order need not be sealed. It references the underlying sealed briefing in relatively general terms, and does not disclose information that would merit redactions. The Court recognizes that this will result in the subject of the Motion for Hearing being made public.

parties' filing a renewed motion, accompanied by authority supporting the appropriateness of a seal order. (ECF No. 80.) The Synergy Defendants then filed a renewed Motion to Seal and accompanying memorandum. (ECF Nos. 84, 85.)[2] The parties have also moved to seal the Response in Opposition and the Reply to the Motion for Hearing. (ECF Nos. 87, 92.)

## II. LEGAL STANDARDS

The public and the press "enjoy a qualified right of access to judicial documents filed in criminal proceedings." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (internal quotation marks and citations omitted). "Criminal proceedings and related documents are thus presumptively open to the public. But because a presumption may be overcome, the public's right of access is qualified, not absolute." *Id.* (citations omitted). "[T]he strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *Id.* The First Amendment right is "narrower in scope but stronger in force." *Id.* "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)).

Whether the First Amendment applies "turns on 'two factors: historical tradition and the function of public access in serving important public purposes.'" *Doe*, 962 F.3d at 146 (quoting *In re Washington Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986)).

[2] Although the Memorandum filed in support of the Motion to Seal indicates that it is a joint filing by the Synergy Defendants and the Government (*see* ECF No. 85 at 1), the Motion to Seal itself indicates that it is filed by the Synergy Defendants without objection by the Government (*see* ECF No. 84) and the Government refers to the Motion to Seal as having been filed by the Defendants (*see* ECF No. 92). Thus, the Court will treat the Motion to Seal (ECF No. 84) as having been filed by the Synergy Defendants without opposition by the Government.

> This is commonly known as the "experience and logic" test. The first factor, historical tradition, asks whether the document or proceeding in question was traditionally open to the public. The second factor asks whether public access would curb prosecutorial or judicial misconduct and further the public's interest in understanding the criminal justice system.

*Id.* (internal quotation marks and citations omitted).

The First Amendment right of access applies to criminal trials and to "at least some kinds of pre-trial proceedings in criminal cases." *In re Washington Post Co.*, 807 F.2d at 388. The right also extends to "written documents submitted in connection with judicial proceedings which themselves implicate the right of access." *Id.* at 389–90. When the First Amendment applies, documents "should be sealed 'only if (1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest.'" *Doe*, 962 F.3d at 146 (quoting *In re Wash. Post*, 807 F.2d at 392).

Under the common law, on the other hand, "there is a rebuttable presumption that the public's right of access applies as to *all* judicial documents and records." *Id.* at 145 (internal quotation marks and citation omitted) (emphasis in original). "To overcome that presumption, 'a court must find that there is a significant countervailing interest in support of sealing that outweighs the public's interest in openness.'" *Id.* (quoting *In re Application of the U.S. for an Order*, 707 F.3d 283, 293 (4th Cir. 2013)). In balancing these interests, a court may consider:

> whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–608 (1978)).

## III. ANALYSIS

The Synergy Defendants argue that "[a]llowing public access to the Motion before it is fully briefed and ruled upon could cause substantial harm to the Synergy Defendants, defense counsel, and non-party [Grace Ocean Private Limited ('Grace Ocean')]." (ECF No. 85 at 3–4.) They argue that (1) the Synergy Defendants will be unfairly prejudiced if the Motion for Hearing and related briefing are made public;[3] (2) unsealing the Motion for Hearing and related briefing could negatively impact both Synergy Marine and non-party Grace Ocean in other litigation and arbitration matters relating to the allision; and (3) the adjudication of the Motion for Hearing will involve discussion and evaluation of privileged information, which should not be made public. (*See generally id.*) They also provide an alternative to indefinite sealing, suggesting that the Court could maintain the documents under seal until it rules on the Motion for Hearing, because "[s]ealing the subject matter of the Motion until it is fully adjudicated is of paramount importance to the Synergy Defendants but would also allow the Court to protect the public's interest." (*Id.* at 10.) Defendants explain that "[p]roceeding in this manner would avoid a media frenzy and avoid the potential harm [identified by the Synergy Defendants], particularly if the Court denies the [Motion for Hearing]." (*Id.*)

Although a court generally must first determine whether the First Amendment or common law is implicated, and then apply the corresponding standard, the Court need not make such a determination because the documents do not warrant sealing under either standard.[4] Thus, the

[3] In the introduction to the Memorandum in support of the Motion to Seal, the Synergy Defendants also reference reputational harm to their attorneys as a reason to maintain the documents under seal. (*See* ECF No. 85 at 2.) They do not revisit that argument in the body of the Memorandum with citation to authority, so the Court does not find this argument adequately briefed. In any event, the Court does not find that any purported reputational harm to the attorneys merits sealing the documents in their entirety. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("We are unaware, however, of any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access.").

[4] Although not identified in the Motions to Seal, other case law suggests that issues relating to attorney conflicts should be evaluated under the First Amendment framework. *See Application of Nat'l Broad. Co.*,

Court applies the more lenient common law standard, and examines whether the presumption of access to the briefing has been overcome by a "significant countervailing interest . . . that outweighs the public's interest in openness." *Doe*, 962 F.3d at 145 (internal quotation marks and citation omitted).

The Court does not find the Synergy Defendants' first argument—that disclosure of the documents would prejudice them—persuasive. The Synergy Defendants argue that, if the documents are made public, this "could interfere with the Synergy Defendants' to the right to counsel of its choosing and could taint the potential jury pool against the Synergy Defendants and their counsel by drawing negative attention to the case before the alleged conflict issue is resolved." (ECF No. 85 at 5.)

---

*Inc.*, 828 F.2d 340, 345 (6th Cir. 1987) ("[P]roceedings inquiring into conflicts of interest by attorneys meet and satisfy the requirements of a qualified First Amendment right of access."); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, Civ 14-00310-F, 2016 WL 3030166, at *6 (E.D.N.C. May 25, 2016) (concluding, in the civil context, that "motions to allow withdrawal of counsel and to disqualify counsel . . . have no history of secrecy" and that transparency in the field of legal ethics "is undoubtedly beneficial" as it "serves to increase confidence in the judicial system, and to improve the accountability of individual members of the bar"); *United States ex rel. Thomas v. Duke Univ.*, Civ. No. 17-276, 2018 WL 4211375, at *5 (M.D.N.C. Sept. 4, 2018) ("Because the motion for sanctions is essentially a motion to disqualify counsel, the Court concludes that the public has a First Amendment right of access to the materials filed in connection with the sanctions motion.").

Further, the Court does not find particularly instructive two opinions cited by the Defendants, both relating to the *United States v. Byrd* prosecution. In those cases, Judge Sullivan and Judge Bennett considered whether a somewhat analogous type of hearing—an attorney inquiry hearing—should remain sealed. While they found that those proceedings should remain sealed, they did so for several reasons not present here. For instance, Judge Sullivan found that the purpose of attorney inquiry hearings "would be frustrated if counsel for the Government were permitted to attend the hearings, because the defendant would have to choose between openly explaining his problem with his attorney (in which case the Government may catch a glimpse of his defense strategy and takes steps to frustrate it) and explaining his problem in very general terms (leaving the presiding judge to guess at the nature of the problem and its solution)." *United States v. Byrd*, No. RDB-14-0186, 2015 WL 221769, at *2 (D. Md. Jan. 13, 2015). That concern is not present here, given that it is not the Government the Defendants seek to exclude. Judge Bennett also concluded that there were matters involving the grand jury that must remain sealed. *United States v. Byrd*, No. RDB-14-186, 2015 WL 2374409, at *2 (D. Md. May 15, 2015), which is not a concern raised by the Synergy Defendants.

First, it is not clear how public access to these documents will interfere with the Synergy Defendants' right to counsel of its choosing. Indeed, the Court will be called upon to decide such matters regardless of whether these documents are made public. *See United States v. Stanley*, 256 F. App'x 583, 584 (4th Cir. 2007) ("When confronted with a potential conflict of interest, the district court is obligated to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified.").

Second, with respect to the potential tainting of the jury pool, as the Synergy Defendants themselves acknowledge, the cases resulting from the allision (both civil and criminal) "have been relatively high profile and have commanded significant media attention." (ECF No. 85 at 3.) The Motion for Hearing and the associated briefing will not move the needle in any significant way in terms of prejudice to the Synergy Defendants caused by publicity. And there are remedies less drastic than sealing to mitigate any potential prejudice, such as appropriate voir dire questions directed at that issue. In addition, it is not clear how the Synergy Defendants' proposed course—unsealing the Motion for Hearing and related briefing once the Court has rendered a decision—would result in less publicity and, in turn, less prejudice. Further, the Synergy Defendants' argument that "[t]here is no case-specific reason why the Motion and related filings need be publicized" (ECF No. 85 at 5) misapprehends the presumption that runs in favor of access.

The Synergy Defendants next argue that disclosure of the Motion for Hearing could result in parties to other allision-related litigation seeking to evaluate potential conflicts of interest, and that "keeping the Motion (and associated briefing and proceedings) under seal until this Court evaluates whether there is an actual conflict is appropriate and protects the interests of Synergy Marine and non-party Grace Ocean." (ECF No. 85 at 6–7.) This argument likewise does not

persuade the Court that sealing is appropriate, particularly given that the Synergy Defendants are evidently comfortable with unsealing the documents after the Court has ruled on the pending Motion for Hearing. Disqualification of counsel is decided on a case-by-case basis, so the question of disqualification in this case has no bearing on disqualification in other cases.

Finally, the Synergy Defendants argue that, because the adjudication of the Motion for Hearing will involve discussion and evaluation of privileged information, the documents must be sealed. The Court agrees that the Motion for Hearing raises issues that may require review, possibly *in camera*, of privileged materials, and that sealing with respect to privileged materials is likely appropriate. *Powers v. Braun*, Civ. No. ELH-13-01622, 2013 WL 6623193, at *2 (D. Md. Dec. 16, 2013) ("Courts generally accept a claim of privilege as capable of overriding the presumption of public access and thereby justifying redaction of documents."). However, it does not follow that the entirety of the briefing should be sealed. Indeed, the Motion for Hearing and Reply filed by *the Government* presumably do not include privileged information. Further, the Court assumes that the Synergy Defendants did not include any privileged information in their Response in Opposition to the Motion for Hearing, given that the Response was provided to the Government.

Given the foregoing, the Court concludes that the Motions to Seal must be denied. However, certain information in the documents may merit sealing.[5] Accordingly, before the Court directs the unsealing of the documents, the parties will be given the opportunity to file a joint motion seeking modest redactions. That joint motion must be accompanied by authority justifying

[5] For instance, the Government explains that "[i]f the Court were to deny the Defendants' Motion to Seal then the Government would request that the Court specifically seal the first two paragraphs of Section II.A.ii of the Government's Reply Brief along with the exhibits cited in those paragraphs, Exhibits N, O, P, and Q, because those paragraphs and those exhibits relate to matters occurring before the grand jury and are secret pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure." (ECF No. 92.)

the sealing of any redacted information and the relevant documents containing the proposed redactions.

Accordingly, it is ORDERED that:

1. The Motions to Seal (ECF Nos. 84, 87, and 92) are DENIED.
2. The Motion for Hearing to Evaluate Potential Conflict of Interest and related briefing (ECF Nos. 75, 85, 88, 90, 91) SHALL REMAIN UNDER SEAL to permit the parties to seek limited redactions.
3. To the extent that the parties seek any limited redactions of the above-referenced documents (i.e., ECF Nos. 75, 85, 88, 90, 91) they SHALL FILE a motion to seal—together with appropriate authority and the proposed redacted documents—within 7 DAYS of this Order. If no motion to seal is filed, the Court will order the documents unsealed in their entirety.
4. For the reasons stated in footnote 1, this Memorandum and Order is not sealed.

DATED this 5 day of November, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge