**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA,** *

**v.** * **Crim. No. JKB-26-0118**

**SYNERGY MARINE PTE LTD., et al.,** *

**Defendants.** *

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Stephen Jayakumar, Rohit Bisht, and Charles Vaz ("Petitioners") have filed a Motion for an Order Directing the Parties to Depose the Petitioners Pursuant to Fed. R. Crim. P. 15 and for the Discharge of Petitioners Following Completion of the Depositions. (ECF No. 61.) Defendants Synergy Marine Private Ltd. ("Synergy Marine") and Synergy Maritime Private Ltd. ("Synergy Maritime") (together, the "Synergy Defendants") have filed a Response in Support of the Motion (ECF No. 64), and the Government has filed a Response in Opposition (ECF No. 65). The Motion will be denied.

**I. Background**

The Superseding Indictment brings charges against the Synergy Defendants and Radhakrishnan Karthik Nair and arises out of the allision of the M/V Dali with the Francis Scott Key Bridge on March 26, 2024. (*See generally* ECF No. 50.) The Petitioners "are merchant mariners who were serving on board the . . . M/V DALI on March 26, 2024, when the vessel was underway and outbound from the Port of Baltimore and the vessel struck the Francis Scott Key Bridge" and concede they are "material witnesses in the above-captioned criminal matter by virtue of their service and positions on board the M/V DALI when the M/V DALI struck the Key Bridge."

(ECF No. 61-1 ¶¶ 1, 3.) They are "all citizens of India who reside in India when they are not working aboard sea going vessels" but they have largely remained in the District of Maryland[1] since the allision pursuant to a Security Agreement. (*Id.* ¶¶ 2–5.)[2]

The Security Agreement was entered into by Grace Ocean Private Limited ("Grace"), Synergy Marine, and the United States, and was later amended to include Synergy Maritime. (ECF No. 61-2 at 26–38 (hereinafter "Security Agreement"); ECF No. 64-1 at 6–10.) As is relevant to the pending Motion, the Security Agreement requires the Synergy Defendants and Grace to post a $3,000,000 bond "as security for any adjudicated potential fines or penalties . . . and to ensure performance of this Agreement." (Security Agreement ¶ 1.) It also provides that "[a]t the request of the U.S. Coast Guard acting on behalf of the United States" certain "officers and crewmembers [including Petitioners] shall remain within the jurisdiction of the U.S. District Court – District of Maryland pursuant to" certain terms. (*Id.* ¶ 3.) Grace and the Synergy Defendants "agree to provide reasonable individual lodging, [an allowance], and health care coverage to the . . . officers and crewmembers . . . until the United States, through its attorney responsible for the pending criminal investigation, advises that their presence is no longer necessary." (*Id.* ¶ 3(b).) Because Grace and the Synergy Defendants "cannot exercise complete control" over the officers and

---

[1] Jayakumar was permitted to leave the United States from October 26, 2025, through March 6, 2026, for a sailing contract and Vaz was permitted to leave the United States from December 2, 2025, to February 21, 2026, for personal reasons. (ECF No. 64 at 7–8.)

[2] As explained by the Synergy Defendants:

> Under the [Ports and Waterways Safety Act], if there is reasonable cause to believe a violation occurred, the U.S. Coast Guard can seek to have a vessel's departure clearance withheld or revoked, effectively holding the vessel in the United States. 46 U.S.C. § 70036(f)(1). Clearance that has been denied or revoked may be granted "upon filing of a bond or other surety satisfactory" to the U.S. Coast Guard. *Id.* § 70036(f)(2). Security Agreements, and the obligations therein, are the "surety satisfactory" required to attain departure clearance for subject vessels. Here, the PWSA was the only basis for the Government to demand a Security Agreement and require the crew to remain in the United States.

(ECF No. 64 at 4 (emphasis omitted).)

crewmembers, the Agreement required them to, *inter alia*, "request[] such [officers and crewmembers] to surrender their passports to a third-party agent . . . for safekeeping" and "request[] such [officers and crewmembers] to remain within the jurisdiction of the U. S. District Court – District of Maryland." (*Id.* ¶ 5.) And, "[i]f at any time any such ship's officer or crewmember requests the return of his passport," Grace and the Synergy Defendants "shall provide written notice to the United States . . . at least 72 hours before returning the passport to the ship's officer or crewmember." (*Id.*) The Agreement also provides that:

> Nothing in this Agreement is to be deemed as binding on non-parties to this Agreement. In particular, for each ship's officer and crewmember who may be served with a federal Grand Jury, deposition, or trial subpoena or material witness warrant and who is required to reside within the jurisdictions of the U. S. District Court – District of Maryland pursuant to this Agreement, their rights pursuant to 18 U.S.C. § 3144, F. R. Crim. P. Rule 15 and other federal laws are specifically preserved.

(*Id.* ¶ 7.)

Petitioners have filed the pending Motion, seeking that the Court order their depositions and permit them to return home pursuant to Federal Rule of Criminal Procedure 15(a)(2). (ECF No. 61.)

## II. Legal Standard

The Petitioners bring the pending Motion pursuant to 18 U.S.C. § 3144 and Federal Rule of Criminal Procedure 15(a)(2). 18 U.S.C. § 3144 provides that:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

And Federal Rule of Criminal Procedure 15(a) provides that:

> (1) *In General.* A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.
>
> (2) *Detained Material Witness.* A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

"Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release." *Torres-Ruiz v. U.S. Dist. Ct. for S. Dist. of California*, 120 F.3d 933, 935 (9th Cir. 1997) (quoting *Aguilar–Ayala v. Ruiz,* 973 F.2d 411, 413 (5th Cir. 1992)).

## III. Analysis

The Court presumes that "words mean what they say." *Singer v. United States*, 323 U.S. 338, 346 (1945); *see also BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." (citation, quotation marks, and alteration omitted)). Here, the plain language of 18 U.S.C. § 3144 and Rule 15(a)(2) foreclose the relief that Petitioners seek.

18 U.S.C. § 3144 provides that "a judicial officer may order the arrest of the person" if certain conditions are met. Rule 15(a)(2) applies only to "[a] witness who is detained under 18 U.S.C. § 3144." Simply put, no Petitioner is "[a] witness who is detained under 18 U.S.C. § 3144," as is required for Rule 15(a)(2) to apply. While Petitioners characterize this as a "hyper-technical" reading of § 3144 and Rule 15 (ECF No. 74 at 3), it is not. *Druggan v. Anderson*, 269 U.S. 36, 40 (1925) ("[The court] see[s] no reason why the words should not be taken literally, to mean what

they say"). The Petitioners remain in this jurisdiction not pursuant to a court order requiring detention, but rather by agreement between Grace, the Synergy Defendants, and the United States. Thus, relief pursuant to Rule 15(a)(2) is unavailable.[3]

Petitioners concede that they are not formally detained pursuant to 18 U.S.C. § 3144, but argue that the conditions imposed by the Security Agreement have resulted in their *de facto* or functional detention. Petitioners cite case law in support of this argument, pointing to instances where district courts have found that mariners subject to similar security agreements were functionally detained and have ordered them deposed and released pursuant to Rule 15(a)(2). (*See* ECF No. 61 at 11–18 (citing *United States v. Maniatis*, No. 07-cr-00024-DLJ (E.D. Cal. June 21, 2007), ECF No. 117; *In re Blow Wind Shipping, S.A.*, No. 10-mj-0056, 2010 U.S. Dist. LEXIS 144359 (D. Me Apr. 16, 2010); *Mercator Lines Ltd. (Sing) Pte Ltd. v. M/V GUARAV PREM*, No. 11-misc-0024, 2011 WL 10637454, at *8 (S.D. Ala. Oct. 25, 2011); *In re Motor Tanker ZAO GALAXY*, No. 19-xr-09626, 2019 WL 4221727 (N.D. Cal. Sept. 5, 2019); *United States v. Dalnave Navigation*, No. 09-cr-130, 2009 WL 743100 (D.N.J. Mar. 18, 2009)).)

The Court is not persuaded by these cases. None explain why the plain language of Rule 15(a)(2)—which explicitly applies only to "[a] witness who is detained under 18 U.S.C. § 3144"—should give way to Petitioners' functional detention argument. For instance, in *Mantiatis*, the court

[3] Petitioners seek relief specifically pursuant to Rule 15(a)(2). (*See* ECF No. 61-3 (proposed order seeking that the Court order depositions pursuant to Rule 15(a)(2) and seeking that, thereafter, each "Petitioner shall be discharged from any further detention or obligation by the United States of America"); *see also generally* ECF Nos. 61, 61-1.) The Synergy Defendants, in their Response in Support, make arguments pursuant to Rule 15(a)(1). (*See generally* ECF No. 64.) However, Rule 15(a)(1) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial." Again, the Court looks to the plain language of the Rule. While it might make good sense to take depositions of the Petitioners such that they can leave the country, no party has filed a motion pursuant to Rule 15(a)(1) and thus no relief pursuant to that Rule may be ordered at this time.

Petitioners also state, in a footnote, that "to the extent necessary to achieve requested relief, Crew Petitioners request leave to file a motion to intervene; a miscellaneous action; and/or appropriate writ." (ECF No. 61 at 2 n.1.) The Court cannot grant leave without a specific motion or request.

concluded, without any substantive discussion of the language in Rule 15(a)(2) that, while the relevant witnesses were "not formally detained under 18 U.S.C. § 3144, [they] are functionally detained material witnesses under Rule 15." *Maniatis*, No. 07-00024-DLJ (E.D. Cal. June 21, 2007), ECF No. 117. Further, in four of the five cases cited by Petitioners, although the witnesses were not formally incarcerated, the court had issued material witness warrants or summons. *See In re Blow Wind Shipping, S.A.*, 2010 U.S. Dist. LEXIS 144359, at *1 ("The material witnesses . . . petition for release from the material witness arrest warrants issued by this court"); *Mercator Lines Ltd*, 2011 WL 10637454, at *8 ("[T]he undersigned issued the requested warrant of arrest for a material witness"); *In re Motor Tanker ZAO GALAXY*, 2019 WL 4221727, at *2 (explaining that "material witness summons ha[d] been issued"); *Dalnave Navigation*, 2009 WL 743100, at *1 ("[T]he above-referenced witnesses filed a motion before this Court to vacate their material witness warrants"). And, in any event, those courts again did not adequately explain why Rule 15(a)(2) can provide an avenue for relief in circumstances where a witness is not detained pursuant 18 U.S.C. § 3144.

All that said, the Court is mindful of the predicament in which the Petitioners find themselves. (*See* ECF No. 61-1 at 16–17 (explaining that Petitioners "can either remain in the United States under the terms of the Security Agreement or they can request the return of their passports and risk being arrested and detained under other and less desirable conditions.").) They have now been in this county for over two and a half years, and it appears that the Government intends to have them testify live at trial (*see, e.g.*, ECF No. 65 at 9–11), which is set to begin nearly a year from now, in October 2027. The Court favors a commonsense solution to this complicated circumstance, but cannot disregard the relevant legal framework.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the Motion for an Order Directing the Parties to Depose the Petitioners Pursuant to Fed. R. Crim. P. 15 and for the Discharge of Petitioners Following Completion of the Depositions (ECF No. 61) is DENIED.

DATED this 25th day of November, 2026.

BY THE COURT:

/s/ JAMES K. BREDAR

James K. Bredar
United States District Judge